■ In the Matter of HP RONKONKOMA, INC., et al., Petitioners, v GALEN D. KIRKLAND, as Commissioner, New York State Division of Human Rights, et al., Respondents. [996 NYS2d 343]—

Proceeding, in effect, pursuant to Executive Law § 298, to review a determination of the Commissioner of the New York State Division of Human Rights dated September 19, 2011, which adopted the findings and recommendations of an administrative law judge dated June 16, 2011, made after a hearing, determining, inter alia, that the petitioners unlawfully discriminated against the complainant in relation to her employ-

ment on the basis of sex by subjecting her to a hostile work environment and retaliated against her in violation of Executive Law § 296 and awarding her, among other things, compensatory damages in the principal sum of $15,000, and cross petition by the New York State Division of Human Rights pursuant to Executive Law § 298 to enforce the determination.

Adjudged that the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, and the cross petition is granted, with costs to the respondent Connie Morris.

This Court must confirm a determination of the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner) where it is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]; *Matter of Mack Markowitz Oldsmobile v State Div. of Human Rights*, 271 AD2d 690, 690 [2000]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180).

The Commissioner's determination is "entitled to considerable deference due to [his] expertise in evaluating discrimination claims" (*Matter of Matteo v New York State Div. of Human Rights*, 306 AD2d 484, 485 [2003]). Such a determination may not be set aside simply "because the opposite decision would have been reasonable and also sustainable" (*id*. at 485 [internal quotation marks omitted]). This Court "may not weigh the evidence or reject [the Commissioner's] choice where the evidence is conflicting and room for a choice exists" (*Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd.*, 59 NY2d 69, 75 [1983]). This Court also may not pass upon the credibility of the witnesses at the administrative hearing (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]; *Matter of Mack Markowitz Oldsmobile v State Div. of Human Rights*, 271 AD2d at 690).

Here, contrary to the petitioners' contention, there is substantial evidence in the record demonstrating that they unlawfully discriminated against the complainant in relation to her employment on the basis of sex by subjecting her to a hostile work environment and retaliated against her in violation of Executive Law § 296 (*see Matter of New York State Div. of Human Rights v ABS Elecs., Inc.*, 102 AD3d 967, 968 [2013]; *Matter of Murphy v Kirkland*, 88 AD3d 267, 278 [2011]; *Bianco v Flushing Hosp. Med. Ctr.*, 54 AD3d 304, 305 [2008]). In addition, the award for mental anguish, which is supported by substantial evidence and reasonably related to the wrongdoing, and is similar

to comparable awards for similar injuries, should not be disturbed (*see Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d 890, 892 [2010]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.