■ In the Matter of ALL ISLAND AIRPORT SERVICES, INC., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [7 NYS3d 404]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Acting Commissioner of the New York State Division of Human Rights dated February 13, 2014, which, upon adopting certain of the recommendations and findings of an administrative law judge dated November 29, 2013, made after a hearing, found that the petitioner had discriminated against the complainant on the basis of disability and awarded the complainant the principal sum of $3,000 in compensatory damages for mental anguish, and cross petition by the New York State Division of Human Rights pursuant to Executive Law § 298 to confirm the determination.

Adjudged that the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, and the cross petition is granted, with costs.

The petitioner commenced this proceeding to review a determination of the Acting Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner) which found that it had discriminated against the complainant on the basis of disability in violation of Executive Law article 15. The Commissioner determined that the petitioner violated Executive Law § 296 (2) (c) by its refusal "to transport wheelchair-bound customers in sedan taxis, even in situations where the customers were able to transfer to the vehicle on their own."

"This Court must confirm a determination of the Commissioner of the New York State Division of Human Rights . . . where it is supported by substantial evidence" (*Matter of HP Ronkonkoma, Inc. v Kirkland*, 122 AD3d 737, 738 [2014]; *see* Executive Law § 298; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]; *Matter of Mack Markowitz Oldsmobile v State Div. of Human Rights*, 271 AD2d 690, 690 [2000]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180; *see Matter of HP Ronkonkoma, Inc. v Kirkland*, 122 AD3d at 738).

Here, there is substantial evidence in the record which demonstrates that the petitioner engaged in an "unlawful discriminatory practice" when it refused to grant the complainant public conveyance because of his disability (Executive Law § 296 [2] [a]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 184; *Matter of HP Ronkonkoma, Inc. v Kirkland*, 122 AD3d at 738; *Matter of Mack Markowitz Oldsmobile v State Div. of Human Rights*, 271 AD2d at 690). Contrary to the petitioner's contention, it failed to demonstrate that its refusal to transport the petitioner was lawful on the ground that it would have required measures that "would fundamentally alter the nature of such facilities, privileges, advantages or accommodations" (Executive Law § 296 [2] [c] [i]), or would have otherwise "result[ed] in an undue burden" (Executive Law § 296 [2] [c] [ii]).

The petitioner's remaining contentions are without merit. Accordingly, the petition must be denied, the proceeding dismissed on the merits, and the cross petition to confirm the determination granted. Mastro, J.P., Dillon, Hall and Miller, JJ., concur.