■ In the Matter of JAMIE BRIGGS, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [36 NYS3d 729]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated July 22, 2013, which adopted the recommendations and findings of an administrative law judge dated June 17, 2013, made after a hearing, finding that the petitioner did not establish that S&H Building Material Corp. terminated her employment and concomitantly her group health care coverage on the basis of a disability, and dismissed the administrative complaint.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs to S&H Building Material Corp., payable by the petitioner.

The scope of judicial review under the Human Rights Law is extremely narrow and is confined to the consideration of whether the determination of the New York State Division of Human Rights (hereinafter the SDHR) is supported by substantial evidence in the record (see *Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331 [2003]; *Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact . . . More than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]; see *Matter of Brentwood Union Free Sch. Dist. v Kirkland*, 126 AD3d 898, 899 [2015]). "Courts may not weigh the evidence or reject [the SDHR's] determination where the evidence is conflicting and room for choice exists" (*Matter of State Div. of Human Rights [Granelle]*, 70 NY2d at 106; see *Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d at 331).

Here, there is substantial evidence in the record to support the SDHR's determination that the petitioner did not establish a prima facie case of discrimination (see *Hazen v Hill Betts & Nash, LLP*, 92 AD3d 162, 168-171 [2012]; see generally *Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). Moreover, substantial evidence supports the SDHR's determination that the petitioner's employer, S&H Building Material Corp., had a legitimate, nondiscriminatory reason for terminating her employment and concomitantly terminating her group health insurance coverage, and that she did not show that this reason was a pretext for discrimination (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180;

*Matter of Herbert v Kirkland*, 90 AD3d 927, 928 [2011]; *Matter of McDonald v New York State Div. of Human Rights*, 77 AD3d 668, 668 [2010]; *cf. Thide v New York State Dept. of Transp.*, 27 AD3d 452, 453 [2006]). Hall, J.P., Austin, Miller and Maltese, JJ., concur.