Matter of Leippe v Gerald J. Wilkoff, Inc. (2018 NY Slip Op 00294)





Matter of Leippe v Gerald J. Wilkoff, Inc.


2018 NY Slip Op 00294


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2014-04270
 (Index No. 602404/13)

[*1]In the Matter of Patricia R. Leippe, petitioner, 
v
Gerald J. Wilkoff, Inc., et al., respondents.


McCabe & Flynn, LLP, Rockville Centre, NY (William B. Flynn of counsel), for petitioner.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Carmelo Grimaldi of counsel), for respondents Gerald J. Wilkoff, Inc., and Gerald J. Wilkoff.
Caroline J. Downey, Bronx, NY (Marilyn Balcacer of counsel), for respondent New York State Division of Human Rights (no brief filed).



DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated July 9, 2013. The determination adopted the recommendation of an administrative law judge, made after a hearing, dismissing the petitioner's complaint against the respondents Gerald J. Wilkoff, Inc., and Gerald J. Wilkoff.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In July 2011, the petitioner filed a complaint with the New York State Division of Human Rights (hereinafter the SDHR) against her former employer, Gerald J. Wilkoff, Inc., and her former coworker, Gerald J. Wilkoff, alleging, inter alia, that she was subjected to a hostile work environment and constructively discharged from her employment because of her sex. After a public hearing, an administrative law judge recommended that the complaint be dismissed. Thereafter, the Commissioner of the SDHR (hereinafter the Commissioner) adopted that recommendation, and dismissed the complaint. The petitioner subsequently commenced this proceeding pursuant to Executive Law § 298 to review the Commissioner's determination.
The scope of judicial review under the Human Rights Law is extremely narrow and is confined to the consideration of whether the determination of the SDHR is supported by substantial evidence in the record (see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331; Matter of State Div. of Human Rights [Granelle], 70 NY2d 100, 106). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact . . . More than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" [*2](300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [citations omitted]; see Matter of Briggs v New York State Div. of Human Rights, 142 AD3d 663, 664). "Courts may not weigh the evidence or reject [the SDHR's] determination where the evidence is conflicting and room for choice exists" (Matter of State Div. of Human Rights [Granelle], 70 NY2d at 106). Here, there is substantial evidence in the record to support the Commissioner's determination that the petitioner was not subjected to a hostile work environment or constructively discharged because of her sex (see Morris v Schroder Capital Mgt. Intl., 7 NY3d 616, 622; Matter of All Is. Airport Servs., Inc. v New York State Div. of Human Rights, 127 AD3d 967, 968; Matter of Gold Coast Rest. Corp. v Gibson, 67 AD3d 798, 799-800; Vitale v Rosina Food Prods., 283 AD2d 141, 142-143; Pace v Ogden Servs. Corp., 257 AD2d 101, 103).
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court