Matter of Advanced Recovery, Inc. v Fuller (2018 NY Slip Op 03974)





Matter of Advanced Recovery, Inc. v Fuller


2018 NY Slip Op 03974


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2015-06564
 (Index No. 3690/15)

[*1]In the Matter of Advanced Recovery, Inc., et al., petitioners/cross respondents, 
v
Erin Fuller, respondent, New York State Division of Human Rights, respondent/cross petitioner.


James J. Herkenham, Port Jervis, NY, for petitioners/cross respondents.
Bergstein & Ullrich, LLP, Chester, NY (Stephen Bergstein of counsel), for respondent.
Caroline J. Downey, Bronx, NY (Toni Ann Hollifield and Michael K. Swirsky of counsel), for respondent/cross petitioner.



DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated April 1, 2015, which adopted the recommendation and findings of an Administrative Law Judge dated February 20, 2015, made after a hearing, finding that the petitioners/cross respondents discriminated against the complainant on the basis of sex and disability, awarding the complainant compensatory damages in the principal sums of $14,560 for back pay, plus interest at the rate of 9% per year from November 4, 2010, and $30,000 for mental anguish and humiliation, plus interest at the rate of 9% per year from April 1, 2015, assessing a civil fine and penalty against the petitioners/cross respondents in the sum of $20,000, plus interest at the rate of 9% per year from April 1, 2015, and directing the petitioners/cross respondents to prominently post a copy of the poster of the New York State Division of Human Rights in their place of business where employees are likely to view it, and cross petition by the New York State Division of Human Rights pursuant to Executive Law § 298 to enforce the determination.
ADJUDGED that the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, and the cross petition is granted, with costs to the respondent/cross petitioner payable by the petitioners/cross respondents.
The complainant filed a complaint with the respondent/cross petitioner, the New York State Division of Human Rights (hereinafter SDHR), against her former employer, the petitioner/cross respondent Advanced Recovery, Inc., and its president and chief executive officer, the petitioner/cross respondent Mark Rea (hereinafter together the petitioners), alleging that the petitioners discriminated against her on the basis of sex and disability. After a hearing before an Administrative Law Judge, the Commissioner of the SDHR adopted the Administrative Law Judge's recommendation and findings in favor of the complainant. The petitioners commenced this proceeding pursuant to Executive Law § 298 to review the SDHR's determination. The SDHR cross-petitioned to enforce the determination.
The scope of judicial review under the Human Rights Law is extremely narrow and is confined to the consideration of whether the determination of the SDHR is supported by substantial evidence in the record (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-181; Matter of Briggs v New York State Div. of Human Rights, 142 AD3d 663, 664). Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 180; see Matter of Briggs v New York State Div. of Human Rights, 142 AD3d at 664). Courts may not weigh the evidence or reject the SDHR's determination where the evidence is conflicting and room for choice exists (see Matter of Briggs v New York State Div. of Human Rights, 142 AD3d at 664).
Here, there is substantial evidence in the record to support the SDHR's determination that the complainant established a prima facie case of discrimination, and that the petitioners' proffered reasons for terminating the complainant's employment were a pretext for unlawful discrimination (see Matter of Tosha Rests., LLC v New York State Div. of Human Rights, 79 AD3d 1337; Matter of New York State Off. of Mental Health v New York State Div. of Human Rights, 75 AD3d 1023).
The petitioners' remaining contentions are either not properly before this Court or without merit.
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court