■ RAINER N. MITTL, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. MAYRA RIVERA-MALDONADO, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [741 NYS2d 19] —In this consolidated cause, transferred to this Court by orders of Supreme Court, New York County (Leland DeGrasse and William McCooe, JJ.), entered, respectively, on January 16 and February 22, 2001, for consideration on a question of substantial evidence (CPLR 7804 [g]), the determination of respondent Division of Human Rights (DHR), dated October 19, 2000, which adopted administrative findings of fact that petitioner Mittl had discriminated against his employee and awarded her $178,414.77 in back wages and compensatory damages, unanimously annulled, on the law and the facts, without costs, the petition granted, and the underlying complaint dismissed. The cross petition by Rivera-Maldonado, challenging the same administrative determination with respect to the amount of the award, unanimously denied and that proceeding dismissed as academic, without costs.

Rivera-Maldonado began working as a secretary for petitioner at Columbia Presbyterian Hospital in October 1988. A year later she announced that she was pregnant. On February 27, 1990, she was fired, allegedly because of the pregnancy. A dismissal on such ground would constitute sex-based discrimination, in violation of the Human Rights Law (Executive Law § 296 [1] [a]).

Petitioner had previously employed a nurse/billing assistant who had taken disability leave for pregnancy and later returned to work for him. He greeted Rivera-Maldonado's announcement of pregnancy in good spirit, offering her advice on taking maternity leave and filing for disability benefits. As soon as petitioner's wife learned about it, however, she began displaying extreme animosity toward Rivera-Maldonado, even questioning whether petitioner was the father of the child. This initially evoked a mirthful reaction from petitioner and his secretary. But petitioner's wife then started calling Rivera-Maldonado at the office and speaking abusively to her, at one

point purporting to fire her, even though Mrs. Mittl exercised no supervisory authority at the doctor's office. After unsuccessful efforts to calm his wife down, petitioner bowed to this seemingly irrational behavior and terminated Rivera-Maldonado's employment.

DHR concluded that Rivera-Maldonado was a member of a protected class whose termination amounted to illegal sex discrimination under the Human Rights Law. We disagree. Petitioner never reacted negatively to Rivera-Maldonado's pregnancy, and gave every indication that her job would be waiting when she returned from maternity leave. The record supports his contention that he was forced to choose between keeping his secretary on the payroll and saving his marriage.

Husbands presented with just this Hobson's choice have found support in the courts in the face of charges of sex discrimination (see, Mauro v Orville, 259 AD2d 89, lv denied 94 NY2d 759; Kahn v Objective Solutions, Intl., 86 F Supp 2d 377 [SD NY]). Those were cases in which the employer had engaged in an intimate relationship with the employee, in contrast to the matter now before us. The conduct of petitioner herein might be described, at worst, as disloyalty to a valued secretary, but that does not support a finding that Rivera-Maldonado's termination was due to her pregnancy and thus unlawfully discriminatory. Concur—Tom, J.P., Andrias, Saxe, Wallach and Rubin, JJ.