■ In the Matter of BRENTWOOD UNION FREE SCHOOL DISTRICT, Petitioner/Cross Respondent, v GALEN D. KIRKLAND, Commissioner of the New York State Division of Human Rights, et al., Respondents/Cross Petitioners, et al., Respondent. [5 NYS3d 519]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Divi-

sion of Human Rights, dated June 14, 2012, which adopted the alternative proposed order of the adjudication counsel of the New York State Division of Human Rights dated May 23, 2012, made after a hearing before an administrative law judge, which, inter alia, found that the petitioner, Brentwood Union Free School District, unlawfully discriminated against the complainant in violation of Executive Law § 296, and awarded the complainant damages in the principal sums of $66,488 for back pay, and $5,000 in compensatory damages for mental anguish and humiliation, and cross petition by Galen D. Kirkland and the New York State Division of Human Rights pursuant to Executive Law § 298 to enforce the determination.

Adjudged that the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, the cross petition is granted, with costs to the respondents/cross petitioners, and the petitioner/cross respondent is directed to pay to the complainant the principal sums of $66,488 for back pay and $5,000 in compensatory damages, plus interest at the rate of 9% per annum from June 14, 2012.

The scope of judicial review under the Human Rights Law is extremely narrow and is confined to the consideration of whether the determination of the New York State Division of Human Rights is supported by substantial evidence in the record (see *Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331 [2003]; *Matter of State Div. of Human Rights [Granelle]*, 70 NY2d 100, 106 [1987]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact . . . . More than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978] [citations omitted]; see *Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d at 331). "Courts may not weigh the evidence or reject the Division's determination where the evidence is conflicting and room for choice exists" (*Matter of State Div. of Human Rights [Granelle]*, 70 NY2d at 106; see *Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d at 331).

Here, contrary to the petitioner's contention, there is substantial evidence in the record to support a conclusion that it unlawfully discriminated against the complainant by denying him employment based solely on his membership in a class of persons with the same condition, chronic obstructive

pulmonary disease, instead of upon an individualized assessment of his particular abilities (*see Matter of Antonsen v Ward*, 77 NY2d 506, 513 [1991]; *Matter of Miller v Ravitch*, 60 NY2d 527, 532 [1983]; *Matter of Daubman v Nassau County Civ. Serv. Commn.*, 195 AD2d 602, 603 [1993]). Although the petitioner proffered some evidence at the hearing that the complainant's condition may have prevented him from performing the duties of the job in a reasonable manner (*see* Executive Law § 292 [21]; *Matter of State Div. of Human Rights [Granelle]*, 70 NY2d at 106), the petitioner did not have this information at the time it made its determination (*see State Div. of Human Rights v Cook Factory Showroom*, 132 AD2d 935, 936 [1987], *affd* 71 NY2d 922 [1988]) and, in any event, this evidence merely conflicted with other evidence in the record indicating that the complainant's disability did not render him incapable of performing the duties of the job in a reasonable manner. " '[I]t is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses' " (*Matter of Hartley Catering, Inc. v New York State Div. of Human Rights*, 66 AD3d 1022, 1023 [2009], quoting *Matter of Curto v Cosgrove*, 256 AD2d 407, 408 [1998]). Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.