■ In the Matter of NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Petitioners, v TEAM TACO MEXICO, CORP., et al., Respondents. [33 NYS3d 452]—

Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Divi-

sion of Human Rights dated May 10, 2012, which adopted the recommendation and findings of an Administrative Law Judge dated March 28, 2012, made after a hearing, (a) finding that the complainant was subjected to a hostile work environment because of her sex and constructively discharged from her employment because of her sex, (b) awarding the complainant damages in the principal sums of $13,000 for back pay during the period in which she was paid less than other employees, $10,668.68 for back pay during the period in which she was unemployed, $23,700.06 for back pay during the period in which she was unable to find work at a salary comparable to the salary she received while working for the respondents, and $50,000 in compensatory damages for mental anguish and humiliation, and (c) assessing a civil fine and penalty against the respondents in the sum of $75,000.

Adjudged that the petition is granted, with costs, the determination is confirmed, and the respondents are directed to pay the complainant the principal sum of $13,000, plus interest at the rate of 9% per year from May 5, 2009, the principal sum of $10,668.68, plus interest at the rate of 9% per year from January 5, 2010, the principal sum of $23,700.06, plus interest at the rate of 9% per year from December 5, 2010, and the principal sum of $50,000, plus interest at the rate of 9% per year from May 10, 2012, and to pay to the New York State Division of Human Rights $75,000 as a civil fine and penalty.

" 'An enforcement proceeding initiated by the New York State Division of Human Rights (hereinafter the NYSDHR) raises the issue of whether its determination was supported by sufficient evidence in the record as a whole' " (*Matter of Giura v New York State Div. of Human Rights*, 135 AD3d 758, 758 [2016], quoting *Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d 773, 773-774 [2011]). " 'A court must confirm the determination so long as it is based on substantial evidence' " (*Matter of State Div. of Human Rights v Lucky Joy Rest., Inc.*, 131 AD3d 536, 537 [2015], quoting *Matter of New York State Div. of Human Rights v Caprarella*, 82 AD3d at 774).

Here, there is substantial evidence in the record to support the determination of the Commissioner of the NYSDHR (hereinafter the Commissioner) that the respondent David Orduna subjected the complainant to a hostile work environment based on her sex, which led to her constructive discharge from the respondent Team Taco Mexico, Corp. (hereinafter Team Taco) (*see* Executive Law § 296 [1] [a]; *Matter of State Div. of Human Rights v Steve's Pier One, Inc.*, 123 AD3d 728,

729 [2014]; *Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d 890, 891 [2010]). The Commissioner also properly determined that Team Taco is liable for the discriminatory conduct of Orduna, who was its owner, and that Orduna is individually liable based on his ownership interest in Team Taco (*see Matter of State Div. of Human Rights v Steve's Pier One, Inc.*, 123 AD3d at 729; *Matter of Murphy v Kirkland*, 88 AD3d 795, 796-797 [2011]; *Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d at 891).

The award of back pay was supported by substantial evidence (*see* Executive Law § 297 [4] [c] [iii]; *Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.*, 71 NY2d 623, 633-634 [1988]; *Matter of State Div. of Human Rights v Steve's Pier One, Inc.*, 123 AD3d at 730). The award of compensatory damages for mental anguish and humiliation is reasonably related to the wrongdoing, supported by substantial evidence, and similar to comparable awards for similar injuries (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 219 [1991]; *Matter of New York State Div. of Human Rights v ABS Elecs., Inc.*, 102 AD3d 967, 969 [2013]; *Matter of Columbia Sussex Corp. v New York State Div. of Human Rights*, 63 AD3d 736 [2009]; *Matter of State Div. of Human Rights v Koch*, 60 AD3d 777 [2009]).

The NYSDHR has the authority to assess civil fines and penalties of up to $100,000 where a respondent has been found to have committed an unlawful discriminatory act that is willful, wanton, or malicious (*see* Executive Law § 297 [4] [c] [vi]). Here, the Commissioner's determination that the respondents' conduct was willful, wanton, and malicious is supported by substantial evidence, and the amount of the civil fine and penalty imposed did not constitute an abuse of discretion as a matter of law (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of New York State Div. of Human Rights v Stennett*, 98 AD3d 512, 514 [2012]). Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.