Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC (2023 NY Slip Op 00425)

Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC

2023 NY Slip Op 00425

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-06565
 (Index No. 522888/19)

[*1]In the Matter of New York State Division of Human Rights, petitioner, 
v
Boro Park Senior Living Community, LLC, etc., et al., respondents.

Caroline J. Downey, Bronx, NY (Toni Ann Hollifield of counsel), for petitioner.
Bernard Weinreb, Spring Valley, NY, for respondent Boro Park Senior Living Community, LLC.

DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Division of Human Rights dated October 6, 2017. The determination adopted the recommendation and findings of an administrative law judge dated July 26, 2017, made after a hearing, finding that the respondent Boro Park Senior Living Community, LLC, unlawfully discriminated against the complainant on the basis of her sex and familial status, awarded her compensatory damages in the principal sums of $8,599.50 for back pay and $15,000 for mental anguish, and assessed a civil fine and penalty in the principal sum of $10,000.
ADJUDGED that the petition is granted, with costs, and the determination is confirmed.
The complainant filed a complaint with the New York State Division of Human Rights (hereinafter the SDHR) against the respondent Boro Park Senior Living Community, LLC (hereinafter the respondent), alleging, inter alia, that her employment was terminated because of her sex and familial status on the basis of her pregnancy. After a public hearing, an administrative law judge (hereinafter the ALJ) made a recommendation and findings that the respondent unlawfully discriminated against the complainant on the basis of her sex and familial status, awarded her compensatory damages in the principal sums of $8,599.50 for back pay and $15,000 for mental anguish, and assessed a civil fine and penalty in the principal sum of $10,000. Thereafter, the Commissioner of the SDHR (hereinafter the Commissioner), in a final order dated October 6, 2017 (hereinafter the final order), adopted the recommendation and findings of the ALJ. The respondent failed to comply with the final order. The SDHR subsequently commenced this proceeding pursuant to Executive Law § 298 to enforce the final order, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
An enforcement proceeding initiated by the SDHR raises the issue of whether its determination was supported by sufficient evidence in the record (see Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898, 899; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d 965, 966). "The scope of judicial review under the Human Rights Law is extremely narrow and is confined to the consideration of whether the [*2]determination of the [SDHR] is supported by substantial evidence in the record" (Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 899; see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331; Matter of Copiague Union Free Sch. Dist. v Foster, 185 AD3d 1023, 1026). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d at 331, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180). "Under a substantial evidence review, courts 'may not weigh the evidence or reject [the Commissioner's] choice where the evidence is conflicting and room for a choice exists'" (Matter of Argyle Realty Assoc. v New York State Div. of Human Rights, 65 AD3d 273, 283, quoting Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd., 59 NY2d 69, 75; see Matter of Copiague Union Free Sch. Dist. v Foster, 185 AD3d at 1026).
"In order to establish a prima facie case of discrimination in employment, a plaintiff must show that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (Johnson v North Shore Long Is. Jewish Health Sys., Inc., 137 AD3d 977, 978; see Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 899-900). The Human Rights Law makes it unlawful for an employer to discriminate against an individual or discharge such person from employment on the basis of the individual's sex, gender, or familial status (see Executive Law § 296[1][a]). Discrimination on the basis of pregnancy is a form of gender, sex, and familial status discrimination (see Executive Law § 292[26][a]; Lefort v Kingsbrook Jewish Med. Ctr., 203 AD3d 708; Golston-Green v City of New York, 184 AD3d 24, 34; Matter of Argyle Realty Assoc. v New York State Div. of Human Rights, 65 AD3d at 283).
Here, there is substantial evidence in the record to support the ALJ's determination that the complainant demonstrated, prima facie, that the respondent terminated her employment due to her pregnancy. The determination is supported by evidence that the complainant was discharged two days after she informed her supervisor that she was pregnant (see Matter of Club Swamp Annex v White, 167 AD2d 400, 402).
The award of compensatory damages for mental anguish is reasonably related to the wrongdoing, supported by substantial evidence, and comparable to other awards for similar injuries (see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 215 ; Matter of New York State Div. of Human Rights v Caprarella, 82 AD3d 773, 775; Matter of Argyle Realty Assoc. v New York State Div. of Human Rights, 65 AD3d at 283).
The award of back pay is supported by substantial evidence (see Executive Law § 297[4][c][iii]; Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept., 71 NY2d 623, 633-634; Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 900; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d at 967).
"A court may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Thomas v Town of Southeast, N.Y., 168 AD3d 955, 957). Here, we perceive no basis for disturbing the civil fine and penalty assessed against the respondent (see Matter of Murphy v Kirkland, 88 AD3d 267, 278). In light of the circumstances of this case, as well as the deference that must be given to the ALJ's findings, the civil fine and penalty was not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Featherstone v Franco, 95 NY2d 550, 554-555).
BARROS, J.P., MILLER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court