Matter of State Div. of Human Rights v Adler (2024 NY Slip Op 03757)

Matter of State Div. of Human Rights v Adler

2024 NY Slip Op 03757

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-06411
 (Index No. 31561/22)

[*1]In the Matter of State Division of Human Rights, petitioner, 
v
Abraham Adler, et al., respondents.

Caroline J. Downey, Bronx, NY (Michael Swirsky of counsel), for petitioner.

DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Division of Human Rights dated June 29, 2017. The determination adopted the recommendation and findings of an administrative law judge dated October 21, 2016, made after a hearing, finding that the respondent Abraham Adler unlawfully discriminated against the complainant on the basis of sex by subjecting her to a hostile work environment and that the complainant was constructively discharged, awarding the complainant compensatory damages in the principal sums of $6,000 for back pay and $25,000 for mental anguish, and assessing a civil fine and penalty against the respondent Abraham Adler in the principal sum of $25,000.
ADJUDGED that the petition is granted, without costs or disbursements, the determination is confirmed, and the respondent Abraham Adler is directed to pay the complainant the principal sum of $6,000 for back pay, plus interest at the rate of 9% per year from June 29, 2017, to pay the complainant the principal sum of $25,000 for mental anguish, plus interest at the rate of 9% per year from June 29, 2017, and to pay the New York State Division of Human Rights the principal sum of $25,000, plus interest at the rate of 9% per year from June 29, 2017, as a civil fine and penalty.
The complainant filed a complaint with the New York State Division of Human Rights (hereinafter the SDHR) against her former employer, the respondent Abraham Adler (hereinafter the respondent), alleging employment discrimination on the basis of sex. After a public hearing, an administrative law judge made a recommendation and findings that the respondent unlawfully discriminated against the complainant on the basis of sex by subjecting her to a hostile work environment and that the complainant was constructively discharged, awarded the complainant compensatory damages in the principal sums of $6,000 for back pay and $25,000 for mental anguish, and assessed a civil fine and penalty against the respondent in the principal sum of $25,000. Thereafter, the Commissioner of the SDHR, in a determination dated June 29, 2017, adopted the recommendation and findings of the administrative law judge. The SDHR commenced this proceeding pursuant to Executive Law § 298 to enforce the determination, and the Supreme Court transferred the proceeding to this Court.
"An enforcement proceeding initiated by the SDHR raises the issue of whether its determination was supported by substantial evidence in the record" (Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d 671, 672). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a [*2]conclusion or ultimate fact'" (Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180).
Here, substantial evidence supports the determination that the complainant was subjected to a hostile work environment and that she was constructively discharged (see Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d 965; Matter of Hilal v New York State Div. of Human Rights, 57 AD3d 898).
The award of back pay is supported by substantial evidence (see Executive Law § 297[4][c][iii]; Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d at 967).
The award of compensatory damages for mental anguish is reasonably related to the wrongdoing, supported by substantial evidence, and similar to comparable awards for similar injuries (see Matter of AMG Managing Partners, LLC v New York State Div. of Human Rights, 148 AD3d 1765; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d at 967).
We perceive no basis to disturb the civil fine and penalty assessed against the respondent (see Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d 671; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d at 967).
The unopposed petition for enforcement demonstrates that the respondent has failed to comply with the determination. Accordingly, enforcement of the determination is granted (see Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 901).
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court