Matter of State Div. of Human Rights v Elite Dental Care, P.C. (2025 NY Slip Op 02075)

Matter of State Div. of Human Rights v Elite Dental Care, P.C.

2025 NY Slip Op 02075

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2023-01650
 (Index No. 712585/22)

[*1]In the Matter of State Division of Human Rights, petitioner, 
v
Elite Dental Care, P.C., et al., respondents.

Caroline J. Downey, Bronx, NY (Kimberly Fong of counsel), for petitioner.

DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Division of Human Rights dated September 27, 2019. The determination adopted the recommendation and findings of an Administrative Law Judge dated July 31, 2019, made after a hearing, finding that the respondents Elite Dental Care, P.C., Elida Dental Care, P.C., David Gavlin, and Elizabeth Abrams, also known as Yelizaveta Abrams, unlawfully discriminated against the complainant on the basis of her sex, pregnancy, and familial status, awarded her compensatory damages in the principal sums of $2,400 for back pay and $30,000 for mental anguish, and assessed a civil fine and penalty in the principal sum of $20,000.
ADJUDGED that the petition is granted, with costs, and the determination is confirmed.
The complainant filed an amended complaint with the New York State Division of Human Rights (hereinafter the SDHR) against the respondents Elite Dental Care, P.C., Elida Dental Care, P.C., David Gavlin, and Elizabeth Abrams, also known as Yelizaveta Abrams (hereinafter collectively the respondents), alleging, inter alia, that she was discriminated against and constructively discharged because of her sex and familial status on the basis of her pregnancy. After a public hearing, an Administrative Law Judge (hereinafter the ALJ) made a recommendation and findings that the respondents unlawfully discriminated against the complainant on the basis of her sex, pregnancy, and familial status, awarded her compensatory damages in the principal sums of $2,400 for back pay and $10,000 for mental anguish, and assessed a civil fine and penalty in the principal sum of $20,000. Thereafter, the Commissioner of the SDHR (hereinafter the Commissioner), in a final order dated September 27, 2019 (hereinafter the final order), adopted the recommendation and findings of the ALJ but increased the award for mental anguish to $30,000. The respondents failed to comply with the final order. The SDHR subsequently commenced this proceeding pursuant to Executive Law § 298 to enforce the final order, and the Supreme Court transferred the proceeding to this Court.
"An enforcement proceeding initiated by the SDHR raises the issue of whether its determination was supported by sufficient evidence in the record" (Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d 671, 672; see Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898, 899). "The scope of judicial review under the Human Rights Law is extremely narrow and is confined to the consideration of [*2]whether the determination of the SDHR is supported by substantial evidence in the record" (Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 899). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Rainer N. Mittl, Ophthalmologist P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331 [internal quotation marks omitted]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; Matter of Town of Hempstead v New York State Div. of Human Rights, 215 AD3d 973, 976). "[C]ourts may not weigh the evidence or reject [SDHR's] choice where the evidence is conflicting and room for a choice exists" (Rainer N. Mittl, Ophthalmologist P.C. v New York State Div. of Human Rights, 100 NY2d at 331 [internal quotation marks omitted]; see Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd., 59 NY2d 69, 75).
"In order to establish a prima facie case of discrimination in employment, a plaintiff must show that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 673 [internal quotation marks omitted]; see Johnson v North Shore Long Is. Jewish Health Sys., Inc., 137 AD3d 977, 978). The Human Rights Law makes it unlawful for an employer to discriminate against an individual on the basis of the individual's sex, gender, or familial status (see Executive Law § 296[1][a]). Discrimination on the basis of pregnancy is a form of gender, sex, and familial status discrimination (see id.§ 292[26][a]; Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 673).
Here, there is substantial evidence in the record to support the ALJ's determination that the complainant demonstrated, prima facie, that the respondents discriminated against her based on her sex and familial status, which led to her constructive discharge (see New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 673; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d 965, 966-967). The ALJ also properly determined that Elite Dental Care, P.C., and Elida Dental Care, P.C., were liable for the discriminatory conduct of Gavlin and Abrams, the owners of those entities, and that Gavlin and Abrams are individually liable based on their ownership interests (see Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d at 967; Matter of New York State Div. of Human Rights v ABS Electronics, Inc., 102 AD3d 967, 969).
The award of compensatory damages for mental anguish is reasonably related to the wrongdoing, supported by substantial evidence, and comparable to other awards for similar injuries (see Matter of Advanced Recovery, Inc. v Fuller, 162 AD3d 659, 660; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d at 967).
The award of back pay is supported by substantial evidence (see Executive Law § 297[4][c][iii]; Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 673; Matter of Goldberg v New York State Div. of Human Rights, 85 AD3d 1166, 1167).
"A court may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Thomas v Town of Southeast, N.Y., 168 AD3d 955, 957). Here, we perceive no basis for disturbing the civil fine and penalty assessed against the respondents (see Matter of Murphy v Kirkland, 88 AD3d 267, 278). In light of the deference that must be given to the ALJ's findings, the civil fine and penalty was not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 674).
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court