Matter of Head Injury Assn., Inc. v New York State Div. of Human Rights (2025 NY Slip Op 04903)

Matter of Head Injury Assn., Inc. v New York State Div. of Human Rights

2025 NY Slip Op 04903

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2020-06615
 (Index No. 606520/20)

[*1]In the Matter of Head Injury Association, Inc., petitioner, 
v
New York State Division of Human Rights, et al., respondents.

Jaspan Schlesinger LLP, Garden City, NY (Stanley A. Camhi of counsel), for petitioner.
Caroline J. Downey, Bronx, NY (Toni Ann Hollifield of counsel), for respondent New York State Division of Human Rights.
Berlingieri Law, PLLC, New York, NY (Melissa Alexis Rodriguez of counsel), for respondent Angela Vassallo.

DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 and CPLR article 78 to review a determination of the Commissioner of the New York State Division of Human Rights dated February 27, 2020, and cross-petition by the New York State Division of Human Rights pursuant to Executive Law § 298 to enforce the determination. The determination, after a hearing, found that the petitioner unlawfully discriminated against the complainant on the basis of her sex and familial status and failed to provide a reasonable accommodation for her pregnancy-related disability, awarded her compensatory damages in the principal sums of $3,705.63 for back pay and $50,000 for mental anguish and attorneys' fees in the principal sum of $16,550, and assessed a civil fine and penalty in the principal sum of $10,000.
ADJUDGED that the determination is confirmed, the petition is denied, the proceeding is dismissed on the merits, and the cross-petition is granted, with one bill of costs.
The complainant filed a complaint with the New York State Division of Human Rights (hereinafter the SDHR) against the petitioner, Head Injury Association, Inc., alleging, inter alia, that her employment was terminated because of her sex and familial status on the basis of her pregnancy. Following a hearing, the SDHR's adjudication counsel issued an alternative proposed order dated August 30, 2019, in which it was found that the petitioner unlawfully discriminated against the complainant based upon her sex and familial status and failed to provide a reasonable accommodation for her pregnancy-related disability. In a determination dated February 27, 2020, the Commissioner of the SDHR (hereinafter the Commissioner) adopted the alternative proposed order, awarded the complainant compensatory damages in the principal sums of $3,705.63 for back pay and $50,000 for mental anguish and attorneys' fees in the principal sum of $16,550, and assessed a civil fine and penalty in the principal sum of $10,000.
The petitioner commenced this proceeding pursuant to Executive Law § 298 and CPLR article 78 to review the Commissioner's determination, and the SDHR cross-petitioned to [*2]enforce the determination. By order dated August 15, 2020, the Supreme Court transferred this proceeding to this Court pursuant to CPLR 7804(g). We deny the petition and grant the cross-petition.
"The scope of judicial review under the Human Rights Law is extremely narrow and is confined to the consideration of whether the determination of the SDHR is supported by substantial evidence in the record" (Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898, 899; see Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d 671, 672). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331 [internal quotation marks omitted]; see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180).
"In order to establish a prima facie case of discrimination in employment, a plaintiff must show that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 673 [internal quotation marks omitted]). The New York State Human Rights Law makes it unlawful for an employer to discriminate against an individual on the basis of the individual's sex, gender, or familial status (see Executive Law § 296[1][a]). Discrimination on the basis of pregnancy is a form of gender, sex, and familial status discrimination (see id. § 292[26][a]; Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 673). "Once a prima facie case is made, the burden of production shifts to the employer to rebut the presumption with evidence that the complainant was discharged for a legitimate, nondiscriminatory reason" (Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d at 330).
Here, the complainant's discharge occurred under circumstances giving rise to an inference of discrimination based upon her sex and familial status, and the petitioner failed to rebut the presumption of discrimination.
With respect to the petitioner's contention that the complainant was discharged for a legitimate, nondiscriminatory reason in that her absences while hospitalized for a pregnancy-related condition exceeded her accrued leave, the complainant established that she was a member of a protected class, i.e., a person with a disability, and her medical evidence indicated that she was capable of assuming full duty, but she suffered an adverse employment action, i.e., the termination of her employment under circumstances giving rise to the inference of discrimination based upon her disability (see Matter of Town of Hempstead v New York State Div. of Human Rights, 215 AD3d 973, 977). The petitioner failed to rebut the presumption of discrimination based upon the complainant's disability. Substantial evidence supports the conclusion that the petitioner failed to provide a reasonable accommodation for the complainant's pregnancy-related disability. The complainant's testimony at the hearing indicated that she was not provided with an opportunity to request an accommodation (see Matter of Hirsch v New York State Div. of Human Rights, 232 AD3d 1248; Cohen v State of New York, 129 AD3d 897, 899).
The award of compensatory damages for mental anguish is reasonably related to the wrongdoing, supported by substantial evidence, and comparable to other awards for similar injuries (see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 215; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d 965, 967; State Div. of Human Rights v Demi Lass, 232 AD2d 335).
The award of back pay is supported by substantial evidence (see Executive Law § 297[4][c][iii]; Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 673).
"A court may set aside an administrative penalty only if it is so disproportionate to [*3]the offense as to be shocking to one's sense of fairness" (Matter of Thomas v Town of Southeast, N.Y., 168 AD3d 955, 957). Here, we perceive no basis for disturbing the civil fine and penalty assessed (see Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 674).
The amount of the attorneys' fees awarded to the complainant was reasonable (see Executive Law § 297[10]).
The petitioner's remaining contentions are without merit.
Accordingly, we confirm the Commissioner's determination, deny the petition, dismiss the proceeding on the merits, and grant the cross-petition.
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court