Matter of State Div. of Human Rights v Spot-Less Landscaping (2026 NY Slip Op 01365)

Matter of State Div. of Human Rights v Spot-Less Landscaping

2026 NY Slip Op 01365

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-11711
 (Index No. 608953/24)

[*1]In the Matter of State Division of Human Rights, petitioner, 
vSpot-Less Landscaping, et al., respondents.

Melissa Franco, Bronx, NY (Kimberly A. Fong of counsel), for petitioner.

DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Division of Human Rights dated August 30, 2017. The determination adopted the recommendation and findings of an Administrative Law Judge dated July 27, 2017, made after a hearing, finding that the respondents Spot-Less Landscaping and Matthew Spotteck unlawfully discriminated against the complainant on the basis of his race and national origin and, inter alia, awarded him compensatory damages in the principal sums of $300 for back pay and $2,500 for mental anguish and assessed a civil fine and penalty in the principal sum of $10,000.
ADJUDGED that the petition is granted, without costs or disbursements, and the determination is confirmed.
The complainant filed an amended complaint with the New York State Division of Human Rights (hereinafter the SDHR) against Spot-Less Landscaping (hereinafter Spot-Less) and Matthew Spotteck (hereinafter together the respondents), alleging, inter alia, that the complainant was discriminated against on the basis of his race and national origin. After a public hearing, an Administrative Law Judge (hereinafter the ALJ) made a recommendation and findings that the respondents unlawfully discriminated against the complainant on the basis of his race and national origin and, among other things, awarded him compensatory damages in the principal sums of $300 for back pay and $2,500 for mental anguish and assessed a civil fine and penalty in the principal sum of $10,000. Thereafter, the Commissioner of the SDHR, in a determination dated August 30, 2017, adopted the recommendation and findings of the ALJ. The respondents failed to comply with the determination. The SDHR subsequently commenced this proceeding pursuant to Executive Law § 298 to enforce the determination. The Supreme Court transferred the proceeding to this Court for determination.
"An enforcement proceeding initiated by the SDHR raises the issue of whether its determination was supported by sufficient evidence in the record" (Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d 671, 672; see Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d 898, 899). "The scope of judicial review under the Human Rights Law is extremely narrow and is confined to the consideration of whether the determination of the SDHR is supported by substantial evidence in the record" (Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 899; see Matter of Clifton [*2]Park Apts., LLC v New York State Div. of Human Rights, 41 NY3d 326, 333). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of State Div. of Human Rights v Adler, 229 AD3d 555, 556 [internal quotation marks omitted]; see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 331).
As relevant here, the Human Rights Law prohibits discrimination in compensation or in terms, conditions, or privileges of employment based on an individual's race or national origin (see Executive Law § 296[1][a]). "In order to establish a prima facie case of discrimination in employment, a plaintiff must show that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 673 [internal quotation marks omitted]; see Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 899-900). "Once this initial burden has been met, the burden then shifts to [the employer] to present legitimate, independent and nondiscriminatory reasons to support its actions" (Matter of Copiague Union Free School Dist. v Foster, 185 AD3d 1023, 1027 [alteration and internal quotation marks omitted]; see Matter of Town of Hempstead v New York State Div. of Human Rights, 215 AD3d 973, 978).
Here, there is substantial evidence in the record to support the determination that the complainant demonstrated, prima facie, that the respondents discriminated against him in his employment because of his race and national origin (see Matter of New York State Div. of Human Rights v Roadtec, Inc., 167 AD3d at 900). The respondents did not rebut the complainant's prima facie showing of discrimination as they defaulted and did not appear at the hearing.
Substantial evidence in the record also supports the determination that Spot-Less was liable for the discriminatory conduct of Spotteck, who was its owner, and that Spotteck was individually liable based on his ownership interest in Spot-Less (see Matter of State Div. of Human Rights v Elite Dental Care, P.C., 237 AD3d 835, 837; Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d 965, 967).
The award of compensatory damages for mental anguish is reasonably related to the wrongdoing, supported by substantial evidence, and comparable to other awards for similar injuries (see Matter of Singh v New York State Div. of Human Rights, 186 AD3d 1694, 1696; Matter of Quality Care v Rosa, 194 AD2d 610, 611).
The award of back pay is supported by substantial evidence (see Matter of State Div. of Human Rights v Elite Dental Care, P.C., 237 AD3d at 837; Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 673).
"A court may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of State Div. of Human Rights v Elite Dental Care, P.C., 237 AD3d at 837-838 [internal quotation marks omitted]; see Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 674). Here, we perceive no basis for disturbing the civil fine and penalty assessed against the respondents (see Matter of State Div. of Human Rights v Elite Dental Care, P.C., 237 AD3d at 838; Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d at 671).
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court