Matter of State Div. of Human Rights v Bosco (2023 NY Slip Op 02666)

Matter of State Div. of Human Rights v Bosco

2023 NY Slip Op 02666

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-00958
 (Index No. 610973/20)

[*1]In the Matter of State Division of Human Rights, petitioner, 
v
Louis Bosco, et al., respondents.

Caroline J. Downey, Bronx, NY (Michael S. Pasinkoff and Michael Swirsky of counsel), for petitioner.

DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to enforce a determination of the New York State Division of Human Rights dated December 7, 2017. The determination adopted the recommendation and findings of an administrative law judge dated October 24, 2017, made after a hearing, finding that the respondent Louis Bosco unlawfully discriminated against the complainant M. C. on the basis of sex in the rental of a housing accommodation and unlawfully retaliated against the complainants for reporting the discrimination, awarding the complainant M. C. compensatory damages in the principal sum of $50,000 for mental anguish and humiliation and punitive damages in the principal sum of $10,000, awarding the complainant D. C. compensatory damages in the principal sum of $10,000 for mental anguish and humiliation and punitive damages in the principal sum of $10,000, awarding the complainant R. H. compensatory damages in the principal sum of $5,000 for mental anguish and humiliation and punitive damages in the principal sum of $10,000, and assessing a civil fine and penalty against the respondent Louis Bosco in the principal sum of $75,000.
ADJUDGED that the petition is granted, without costs or disbursements, the determination is confirmed, and the respondent Louis Bosco is directed to pay the complainant M. C. the principal sum of $60,000, plus interest at the rate of 9% per year from December 7, 2017, to pay the complainant D. C. the principal sum of $20,000, plus interest at the rate of 9% per year from December 7, 2017, to pay the complainant R. H. the principal sum of $15,000, plus interest at the rate of 9% per year from December 7, 2017, and to pay the New York State Division of Human Rights the principal sum of $75,000, plus interest at the rate of 9% per year from December 7, 2017, as a civil fine and penalty.
The complainants, M.C., D.C., and R.H., filed complaints with the New York State Division of Human Rights (hereinafter the SDHR) against the respondent Louis Bosco (hereinafter the respondent), alleging, inter alia, that the respondent unlawfully discriminated against M. C. on the basis of sex in the rental of a housing accommodation by creating a sexually hostile housing environment and unlawfully retaliated against the complainants for reporting the discrimination by evicting them a week after his arrest for violating an order of protection. After a public hearing, an administrative law judge (hereinafter the ALJ) made a recommendation and findings that the respondent unlawfully discriminated against M. C. on the basis of sex and unlawfully retaliated against the complainants, awarded compensatory damages to M. C., D. C., and R. H. in the principal sums of $50,000, $10,000, and $5,000, respectively, awarded each of the complainants punitive [*2]damages in the principal sum of $10,000, and assessed a civil fine and penalty against the respondent in the principal sum of $75,000. Thereafter, the Commissioner of the SDHR (hereinafter the Commissioner), in a determination dated December 7, 2017, adopted the recommendation and findings of the ALJ. The respondent failed to comply with the determination. The SDHR subsequently commenced this proceeding pursuant to Executive Law § 298 to enforce the determination, and the Supreme Court transferred the proceeding to this Court.
"An enforcement proceeding initiated by the [SDHR] raises the issue of whether its determination was supported by sufficient evidence in the record as a whole" (Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d 965, 966 [internal quotation marks omitted]). "A court must confirm the determination so long as it is based on substantial evidence" (id. at 966 [internal quotation marks omitted]).
Here, there is substantial evidence in the record to support the Commissioner's determination that the respondent created a sexually hostile housing environment for M.C. (see Matter of State Div. of Human Rights v Stoute, 36 AD3d 257, 264). The Commissioner also properly determined that the respondent retaliated against the complainants for reporting his misconduct by issuing an eviction notice approximately one week after his arrest for violating a related order of protection (see Fletcher v Dakota, Inc., 99 AD3d 43, 51-52; cf. Matter of Leibowitz v Westchester County Human Rights Commn., 145 AD3d 1008, 1009).
The awards of compensatory damages for mental anguish and humiliation are reasonably related to the wrongdoing, supported by substantial evidence, and similar to comparable awards for similar injuries (see Matter of Mutual Apts., Inc. v New York City Commn. on Human Rights, 203 AD3d 1154, 1158; Matter of New York State Div. of Human Rights v Stennett, 98 AD3d 512, 513; Matter of State Div. of Human Rights v Stoute, 36 AD3d at 267). Additionally, since, in this housing discrimination dispute, the SDHR is empowered to make an award of punitive damages, and the SDHR has been vested with broad powers to fulfill the extremely strong statutory policy of eliminating discrimination, the punitive damages awards will not be disturbed (see Executive Law § 297[4][c][iv]; Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights, 35 NY2d 143, 146; Matter of New York State Div. of Human Rights v Stennett, 98 AD3d at 514).
Finally, "[j]udicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38). Under the circumstances of this case, the civil fine and penalty for the respondent's willful acts was not so disproportionate as to be shocking to one's sense of fairness (see Executive Law § 297[4][c][vi]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court