Matter of State Div. of Human Rights v Golden Mine 2000, Inc. (2024 NY Slip Op 06348)

Matter of State Div. of Human Rights v Golden Mine 2000, Inc.

2024 NY Slip Op 06348

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-07766
 (Index No. 85084/20)

[*1]In the Matter of State Division of Human Rights, petitioner, 
v
Golden Mine 2000, Inc., doing business as Zaghloul Grill, respondent.

Caroline J. Downey, Bronx, NY (Marilyn Balcacer of counsel), for petitioner.

DECISION & JUDGMENT
Proceeding pursuant to Executive Law § 298 to enforce a determination of the Commissioner of the New York State Division of Human Rights dated June 29, 2016. The determination adopted the recommendation and findings of an administrative law judge dated April 28, 2016, made after a hearing, finding that the respondent discriminated in employment advertising on the basis of age and sex, and assessed a civil fine and penalty in the principal sum of $55,000.
ADJUDGED that the petition is granted, without costs or disbursements, to the extent that the portion of the determination finding that the respondent discriminated in employment advertising on the basis of age and sex is confirmed, the determination is otherwise annulled, the petition is otherwise denied, the proceeding is otherwise dismissed, and the respondent is assessed a civil fine and penalty in the principal sum of $5,000, plus interest at the rate of 9% per year from June 29, 2016.
In May 2014, the respondent, Golden Mine 2000, Inc., doing business as Zaghloul Grill (hereinafter Golden), a restaurant, posted an employment advertisement seeking "young energetic ladies with experience as waitress [sic]" and "a female bartender." On June 23, 2014, the New York State Division of Human Rights (hereinafter SDHR) filed an administrative complaint charging Golden with discriminatory employment practices based on age and sex.
After a public hearing, at which Golden failed to appear, an administrative law judge (hereinafter the ALJ) made a recommendation and findings that Golden discriminated in employment advertising on the basis of age and sex in violation of Executive Law § 296(1)(d) and assessed a civil fine and penalty against Golden in the principal sum of $5,000. Thereafter, the Commissioner of the SDHR (hereinafter the Commissioner), in a determination dated June 29, 2016, adopted the recommendation and findings of the ALJ but increased the civil fine and penalty from the principal sum of $5,000 to the principal sum of $55,000 based, in part, on Golden's refusal to participate in the proceedings.
The SDHR subsequently commenced this proceeding pursuant to Executive Law § 298 to enforce the Commissioner's determination. The Supreme Court transferred the proceeding to this Court for determination.
An enforcement proceeding initiated by the SDHR "raises the issue of whether its [*2]determination was supported by sufficient evidence in the record" (Matter of New York State Div. of Human Rights v Boro Park Senior Living Community, LLC, 213 AD3d 671, 672; see Matter of State Div. of Human Rights v Bystricky, 30 NY2d 322, 326).
A court "must confirm the determination so long as it is based on substantial evidence" (Matter of State Div. of Human Rights v Bosco, 216 AD3d 971, 972-973 [internal quotation marks omitted]; see Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d 965, 966).
Here, there is substantial evidence in the record to support the Commissioner's determination that Golden engaged in discriminatory employment practices by expressing limitations in its employment advertising based on age and sex (see Executive Law § 296[1][d]). By defaulting, Golden failed to raise any affirmative defenses as to whether these limitations constituted bona fide occupational qualifications (see id.; Matter of Jacobs v New York State Div. of Human Rights, 131 AD3d 883, 884).
"Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (Matter of Kelly v Safir, 96 NY2d 32, 38; see Matter of State Div. of Human Rights v Bosco, 216 AD3d at 973).
Where the Commissioner finds that a respondent has committed an unlawful discriminatory act, the Commissioner may impose civil fines and penalties "in an amount not to exceed fifty thousand dollars," unless the unlawful discriminatory act "is found to be willful, wanton or malicious," in which case the civil fines and penalties are "not to exceed one hundred thousand dollars" (Executive Law § 297[4][c][vi]; see Matter of New York State Div. of Human Rights v Team Taco Mexico, Corp., 140 AD3d at 967). Executive Law § 297(4)(c)(vi) "focuses solely on the nature of the discriminatory act as the basis for imposing a civil fine above $50,000" (Matter of JPK Imports/Oneonta, Inc. v New York State Div. of Human Rights, 165 AD3d 1410, 1412). Accordingly, it was an abuse of discretion for the Commissioner to assess a $55,000 civil fine and penalty premised upon Golden's conduct during the administrative proceedings rather than on the unlawful discriminatory acts alone (see id.), and we reduce the civil fine and penalty to the principal sum of $5,000.
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court